Forsythe vs. Bonta.

CASE 47—PETITION ORDINARY—SEPTEMBER 20.

# Forsythe vs. Bonta.

APPEAL FROM BOYLE CIRCUIT COURT.

1. On a plea of *non est factum* to a note, the circuit court correctly set forth the law of the case in the following instruction to the jury: "That if they believe that Forsythe did not execute the note sued on, or authorize it to be done; still, if they further believe, from the evidence, that after its execution and delivery to the plaintiff, and after the defendant, Forsythe, was informed of its amount and character, he acknowledged and ratified its execution, the jury should find for the plaintiff."

2. If another assumed to act as agent of defendant in signing his name to a note without previous authority, which would have bound him, his subsequent acknowledgment and ratification would retroactively operate, so as to sanction the act as if authorized. (2 *Greenleaf*, 297; 2 *Bouvier's Institutes*, 25.)

M. J. DURHAM and
J. B. & P. B. THOMPSON,                     For Appellant,
                      CITED—
    *Civil Code*, secs. 359, 410.
    *Bouvier's Institutes*, sec. 1321.
    7 *B. Mon.*, 269 ; 1 *Duvall*, 355.
    5 *U. S. Digest*, p. 422 ; *State vs. Green*.

A. HARDING,
JOHN S. VANWINKLE, and
CHAS. A. HARDIN,                     For Appellee,
                      CITED—
    1 *Parson's on Contracts*, pp. 44 to 49.
    2 *Bouvier's Institutes*, pp. 21 to 28.
    *Story on Agency*, top pp. 303–4, and 307.
    2 *Greenleaf on Ev.*, top p. 297.

13 *B. Mon.*, 217 ; *Bates' ex'rs vs. Best's ex'rs.*
12 *B. Mon.*, 509 ; *Brannin & Smith vs. Force's adm'r.*
1 *Duvall*, 94 ; *Hooper vs. Poston.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

To this action on a joint note, apparently signed by the appellant and one Irvine, the latter failing to answer, the former pleaded *non est factum.* On that issue the jury found a verdict against the appellant, and thereupon judgment was rendered against him.

The facts conduce to the presumption, in some degree, that the consideration was a loan of money to the appellant, and also that his name was subscribed by himself. But he contended that the signature was spurious and unauthorized by him when made; and, while the jury might have been allowed to find otherwise, there may be a preponderance in favor of the conclusion that his name was signed by Irvine, without any express authority. On this hypothesis the court instructed the jury, "that if they believe that Forsythe did not execute the note sued on, or authorize it to be done ; still, if they further believe, from the evidence, that, after its execution and delivery to the plaintiff, and after the defendant Forsythe was informed of its amount and character, he acknowledged and ratified its execution, the jury should find for the plaintiff Bonta."

There being conclusive proof of such acknowledgment and ratification in various modes and on several occasions, the only question for revision is that of the law announced in the foregoing instruction.

If Irvine assumed to act as agent in signing the appellant's name, without previous authority, which would have bound him, those subsequent recognitions retroactively operate so as to sanction the act as if authorized.

*Greenleaf, second volume,* 297, says: "If a party, on being inquired of, acknowledge his signature to a deed or note, this is sufficient, *though it had been signed without his authority;*" and, according to 2 *Bouvier's Institutes, page* 25, "it is a well-known rule of law, that an act done, or contract made by one for, or in the name of a party, *though without any authority whatever,* becomes the act or contract of the party, if subsequently adopted and ratified by him." And this elementary principle of philosophical law is abundantly sustained by adjudged cases on two grounds—1st. Estoppel in most cases, as in this, of superinduced forbearance; and 2d. Admission of agency, however or whenever denied.

The judgment is, therefore, affirmed.