*Bradleys, for appellants.*

---

S. M. JONES' ADMR. *v.* JAS. M. FORSYTHE.

**Bills and Notes—Non Est Factum—Recognition of Obligation—Instructions.**
On a plea of non est factum, where the evidence shows that the defendant recognized his obligation after the execution of the note, the court should have instructed the jury that although they should believe from the evidence Forsythe had never signed the note, yet if they should believe from the testimony that he had, since the signature, recognized his liability on it, they should find against him.

APPEAL FROM BOYLE CIRCUIT COURT.

January 14, 1870.

OPINION OF THE COURT BY JUDGE ROBERTSON:

This case resembles that of Bonta v. Forsythe, decided during the last term, the only difference in the testimony is that, in the adjudged case, there was proof that Forsythe, on the identification of the note, acknowledged to *Bonta* that he was bound by it, and that in this case no such specific admission was made to *Jones;* but the facts, as proved, conduce to show that Forsythe recognized his obligation in conversation with other persons.

In this state of case the circuit court ought to have instructed the jury, as asked, in effect, that although they should believe that Forsythe had never signed the note, yet if they should believe from the testimony that he had, since the signature, recognized his liability on it, they should find against him. The principle thus implied by the motion was established in the case of Bonta in which the same instruction was given and approved. See Forsythe v. Bonta, 5 Bush 547.

Whether the hypothetical fact would have been found by the jury, we can not know, but, as the testimony was applicable and entitled to their consideration, the court erred in refusing to give them the law.

Wherefore, the judgment is reversed and the cause remanded for a new trial.

*Hardin,* for appellant.
*Dunlap, Durham,* for appellee.